Brian C Johnson, #3936
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
bjohnson@strongandhanni.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTOPHER ROBERT KALE,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH STATE UNIVERSITY EASTERN; GREG DART; SHARON JAMES,<br><br>    Defendants. | **COMPLAINT**<br><br>** JURY DEMANDED **<br><br>Case No. _____<br><br>Judge _____ |

Plaintiff Kristopher Robert Kale ("Kris"), by and through his undersigned counsel, complains of Defendants Utah State University Eastern ("USU"), Greg Dart ("Dart"), and Sharon James ("James") and alleges as follows:

### PARTIES

1. Kris is a citizen and resident of the state of Utah.

2. USU is an agency of the state of Utah.

3. Dart is a citizen and resident of the state of Utah, and an employee of USU.

4. James is a citizen and resident of the state of Utah, and an employee of USU.

## JURISDICTION AND VENUE

5. USU, Dart, and James reside and/or has transacted business within this judicial district during the relevant time period.

6. The claims for relief alleged in this complaint arose within this judicial district.

7. This action arises under federal law, including the Civil Rights Act, 42 USC § 1983. Kris invokes this Court's jurisdiction over his claims for relief for violation of his civil rights under 42 USC § 1983, and for attorneys' fees under 42 USC § 1988, pursuant to 28 USC §§ 1343 and 1331.

8. Venue is proper in this district under 28 USC § 1391 because USU, Dart, and James (sometimes collectively the "Defendants") transact business and reside in this judicial district, and the claims herein are based on events that transpired in this district.

## FACTS

9. This case arises out of a series of unlawful actions by USU and by Dart and James (individually and in their official capacities as employees and representatives of USU) to deprive Kris of his constitutional and statutory rights to protection from discrimination on the basis of his disability and veteran status, which rights are memorialized in the Fifth and Fourteenth Amendments to the United States Constitution (the "Constitutional Claims").

10. Kris is a four-year veteran of the United States Army (the "Army") who spent a year in combat in and around Farah, Afghanistan engaged in bomb detection and other dangerous work before receiving general discharged under honorable conditions in February 2014.

11. Kris publicly self-identified as one suffering from Post-Traumatic Stress

Syndrome ("PTSD") upon his discharge from service in the Army.

12. Kris received a formal clinical diagnosis as one suffering from PTSD in 2017 following his medical examination by physicians at the Veterans Administration Hospitals in Salt Lake City, Utah and Denver, Colorado, which disorder was the result of his military service.

13. PTSD is a medically recognized mental disorder that is generally the consequence of exposure to extraordinarily traumatic events such as warfare.

14. PTSD symptoms include mentally, emotionally, and/or physically disturbing if not debilitating thoughts, feelings, and/or dreams that, among other things, negatively impact affected person's ability to engage in major life activities.

15. Kris enrolled as a student at USU in August 2016.

16. At the time Kris enrolled at USU, he, among other things, self-identified as a PTSD sufferer and requested at that time that he be given a single resident dormitory room.

17. A USU employee, in response to Kris' single resident dormitory room request, denied that request and told Kris, "You'll get what you get."

18. Kris became suicidal in late 2016 and early 2017.

19. In early 2017, Kris left USU to participate in a Veteran's Administrative program ("Program") for former soldiers afflicted with PTSD that was conducted in Denver, Colorado.

20. Upon Kris' return to Utah in 2017 following his successful completion of the Program, and continuing through 2018, Kris unsuccessfully sought reasonable accommodations from USU for his PTSD so he could continue his education there.

21. Among other reasonable accommodations for his PTSD that Kris sought from, or was promised by USU that were never provided were (1) a USU segregated dormitory for

veterans only, (2) a combat veteran "buddy system" where USU paired combat veterans together so they could assist one another in their transition to college, (3) fair pricing for veterans per hour credit costs at USU, and (4) assistance in obtaining veterans tuition benefits through the VPA system.

22. In fact, USU personnel admitted in an e-mail to Kris's brother that USU actively discriminates against veterans.

23. None of the reasonable accommodations sought by or promised to Kris by USU (and/or by Dart and/or James in their representation capacities) were provided to him by USU.

24. The denial of the previously mentioned reasonable accommodations was malicious as evidenced by statements made by Dart, James, and other USU employees and/or representations in 2017 and 2018 to the effect that: (1) "You are liars when you claim to have PTSD," (2) "[USU] hates veterans," and (3) "I don't believe you guys [when you claim Kris is affected by PTSD]."

**FIRST CLAIM FOR RELIEF**
**(Violation of 42 USC 1983: USU, Dart, and James)**

25. Kris here realleges and incorporates the preceding paragraphs of this Complaint.

26. The Defendants, alone and with each other as co-conspirators, under color of law, have acted in a way to deprive Kris of his rights as a veteran under the Constitution, in at least the following respects:

(a) Unreasonably refusing to acknowledge that Kris had PTSD and have a disability due to his service in our military;

(b) Unreasonably refusing to accommodate that disability by providing him a single resident dorm room;

(c) Unreasonably refusing to accommodate Kris' disability by providing on the USU campus a meaningful and segregated space for veterans;

(d) Unreasonably refusing to accommodate Kris' disability by creating and maintaining a combat veteran "buddy system" for combat veteran students at USU;

(e) Unreasonably refusing to accommodate Kris' disability by providing non-discriminatory tuition pricing for veterans for USU credit hours; and

(f) Unreasonably refusing to provide Kris with assistance in obtaining UPA tuition benefits; and

(g) Thereby discriminating against Kris on the basis of his veteran status.

## SECOND CLAIM FOR RELIEF
### (Violation of Constitutional Amendments Due Process Provisions: USU, Dart, and James)

27. Kris here realleges and incorporates the previous paragraphs of this Complaint.

28. The Defendants' treatment of Kris as a combat veteran, as evidenced by their egregious statements regarding Kris' veteran status and PTSD affiliation, bore no rational relationship to any governmental interest whatsoever and consequently violated Kris' rights under the Constitutional Amendments.

29. Kris was also summarily terminated from USU in furtherance of the acts described herein, without notice of a hearing.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Inducement: Dart and James Individually)

30. Kris here realleges and incorporates the previous paragraphs of the Complaint.

31. Kris, through his agent and father, David Eugene Kale ("Dave"), repeatedly

5

sought the accommodations and relief as herein described.

32.     In response to those efforts, Kris through Dave was repeatedly told by Dart and/or James that Kris would be granted the requested accommodations and relief.

33.     Those representations by Dart and/or James generally described in Paragraph 32 above were made either with knowledge of their falsity or with a reckless disregard of their truth or falsity.

34.     Those representations by Dart and/or James generally described in Paragraph 32 above were made with intent to induce reliance by Kris, including without limitation by foregoing legal action under, *inter alia*, the Americans With Disabilities Act.

35.     Kris reasonably relied on those representations generally described in Paragraph 32 above, without knowledge of their falsity, and has thereby been damaged as a result, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress: Dart and James Individually)

36.     Kris here realleges and incorporates the previous paragraphs of this Complaint.

37.     The conduct of Dart and/or James, including that generally described in Paragraph 24 above, was an intentional and reckless disregard of Kris.

38.     The conduct of Dart and/or James, including that generally described in Paragraph 24 above was extreme and outrageous, defying norms of social conduct, especially toward veterans.

39.     The conduct of Dart and/or James, including that generally described in Paragraph 24 above aggravated and worsened Kris' PTSD, which aggravation was extreme and severe.

40.     Kris has been damaged by the conduct of Dart and/or James, including that generally described in Paragraph 24 above.

WHEREFORE Kris prays for judgment against the Defendants as follows:

A.      Under the First Claim for Relief and the Second Claim for Relief for judgment in his favor, awarding compensatory damages, punitive damages, and attorneys' fees and costs as permitted by statutes, contract, or other applicable law, all in the amount proven at trial.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on January 21, 2021.

STRONG & HANNI

/ s / Brian C Johnson

Brian C Johnson
*Attorneys for Plaintiff*